J-S40021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAREEM KELLAM | : | |
| | : | |
| Appellant | : | No. 3470 EDA 2017 |

Appeal from the PCRA Order May 7, 2014
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0806992-2006

BEFORE:   LAZARUS, J., DUBOW, J., and PLATT, J.*

MEMORANDUM BY DUBOW, J.:                     **FILED NOVEMBER 13, 2018**

Appellant, Kareem Kellam, appeals from the May 7, 2014 Order entered in the Philadelphia County Court of Common Pleas dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm on the basis of the PCRA court's Opinion.

The relevant facts and procedural history, as gleaned from the certified record and the PCRA court's December 1, 2017 Opinion, are as follows.  The Commonwealth charged Appellant with Second-Degree Murder, Criminal Conspiracy to Commit Murder, Robbery, Firearms Not to be Carried Without a License, Carrying Firearms in Public In Philadelphia, and Possession of a Firearm Prohibited[1] arising from Appellant's role in the March 8, 2002 robbery and murder of Jimmy Williams.

---

[1] 18 Pa.C.S. §§ 2502(b); 903(a)(1); 3701(a)(1); 6106(a)(1); 6108; and 6105(a)(1), respectively.

---

*   Retired Senior Judge assigned to the Superior Court.

On October 25, 2007, Appellant's jury trial commenced. Relevant to the instant appeal, at Appellant's trial, the prosecutor represented to the jury in his opening statement that Jamal Lewis would testify that, among other things, Appellant had confessed to him that he participated in the robbery and murder of the victim. However, Lewis ultimately refused to testify. In addition to the court's general instruction to the jury at the beginning of trial that counsels' opening remarks are not evidence for them to consider when rendering a verdict, the court also specifically addressed Lewis's refusal to testify. *See* N.T., 10/25/17, at 13, 18-19; 11/1/07 at 94-95.

On November 6, 2007, the jury convicted Appellant of Second-Degree Murder, Robbery, and Criminal Conspiracy. On January 9, 2008, the trial court sentenced Appellant to a mandatory sentence of life imprisonment for his Murder conviction, and consecutive sentences of 10 to 20 years' imprisonment for his Robbery and Conspiracy convictions. Appellant did not file a Post-Sentence Motion or a timely direct appeal.

Following reinstatement of his direct appeal rights *nunc pro tunc*, on April 7, 2011, this Court affirmed Appellant's Judgment of Sentence in part and reversed in part,[2] and on August 31, 2011, the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal. ***See Commonwealth v. Kellam***, No. 509 EDA 2009 (Pa. Super. filed April 7,

---

[2] This Court affirmed Appellant's Judgment of Sentence as to his Murder and Conspiracy convictions, but vacated Appellant's Robbery conviction.

2011) (unpublished memorandum), *appeal denied*, No. 248 EAL 2011 (Pa. filed August 31, 2011).

On April 6, 2012, Appellant filed a *pro se* PCRA Petition challenging the effectiveness of his trial counsel. The PCRA court appointed counsel, Dennis Turner, Esquire, who filed an Amended Petition on September 23, 2013. In the Amended Petition, Appellant alleged he was denied the effective assistance of counsel because his trial counsel failed to ask for a curative instruction or a mistrial when it became apparent that a Commonwealth witness, Jamal Lewis, was not going to testify to substantiate the prosecutor's opening statement that Appellant had confessed his involvement in the underlying crime to Lewis. Amended PCRA Petition, 9/23/13, at 8.

On March 24, 2014, the PCRA court issued a Notice of Intent to Dismiss Appellant's Amended PCRA Petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not file a Response to the PCRA court's Rule 907 Notice. On May 7, 2014, the PCRA court dismissed Appellant's Amended Petition. Appellant did not file a timely appeal from the May 7, 2014 Order.

On June 9, 2014, Attorney Turner filed a Petition for *Nunc Pro Tunc* Reinstatement of Appellate Rights explaining that he had inadvertently failed to file a timely Notice of Appeal from the May 7, 2014 Order dismissing Appellant's Amended PCRA Petition.

On October 1, 2014, the PCRA court removed Attorney Turner as counsel and appointed Earl Kaufman, Esquire, to represent Appellant. Following three years of inaction, on October 17, 2017, the PCRA court

removed Attorney Kaufman and appointed Stephen O'Hanlon, Esquire, to represent Appellant, and reinstated Appellant's PCRA appeal rights *nunc pro tunc*. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

> The PCRA court erred in dismissing Appellant's PCRA Petition because trial counsel was ineffective for not objecting and requesting a mistrial when the prosecutor committed prosecutorial misconduct by vouching as to the prospective testimony of Jamal Lewis when Lewis did not eventually testify and when Appellant was prejudiced in the context of allowing an alleged admission of murder by Appellant to be revealed to the jury and Appellant was denied his Sixth Amendment right to confront incriminating evidence against him.

Appellant's Brief at 4.

This Court's "standard of review for an order denying post-conviction relief is limited to whether the trial court's determination is supported by evidence of record and whether it is free of legal error." **Commonwealth v. Allen**, 732 A.2d 582, 586 (Pa. 1999). Further, "[t]he PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Johnson**, 945 A.2d 185, 188 (Pa. Super. 2008).

Appellant alleges that his trial counsel provided ineffective assistance Appellant's Brief at 8-12.

In order to establish eligibility for PCRA relief, a petitioner must prove by a preponderance of the evidence that the conviction resulted from "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable

- 4 -

adjudication of guilt or innocence could have taken place."  42 Pa.C.S. § 9543(a)(2)(ii).

In analyzing claims of ineffective assistance of counsel, we presume that trial counsel was effective unless the PCRA petitioner proves otherwise. ***Commonwealth v. Williams***, 732 A.2d 1167, 1177 (Pa. 1999).

In order to succeed on a claim of ineffective assistance of counsel, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice.  ***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003).  Appellant bears the burden of proving each of these elements, and his "failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." ***Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009).

A prosecutor "is not required to conclusively prove all statements" contained in her opening argument.  ***Commonwealth v. Brown***, 711 A.2d 444, 456 (Pa. 1998).  "If the prosecutor has a good faith and reasonable basis to believe that a certain fact will be established, he or she may properly refer to it during the opening argument." ***Id.***

The Honorable Jeffrey P. Minehart, who presided over all of the proceedings in this case, has authored a comprehensive, thorough, and well-reasoned Opinion, citing the record and relevant case law in addressing Appellant's challenge to his counsel's representation.  After a careful review of the parties' arguments and the record, we adopt the PCRA court's Opinion

as our own and conclude that Appellant's issue warrants no relief. **See** PCRA Ct. Op., 12/1/17, at 3-9 (concluding that Appellant's ineffectiveness claim fails because: (1) Appellant failed to establish that his underlying claim had arguable merit because the prosecutor referenced Appellant's inculpatory statement to Lewis in good faith; and (2) Appellant failed to prove the prosecutor's statement prejudiced him because, *inter alia*, the evidence of Appellant's guilt was overwhelming). Accordingly, we affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/18

0044_Opinion

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | COURT OF COMMON PLEAS |
| | : PHILADELPHIA COUNTY |
| | : |
| vs. | : NO.: CP-51-CR-0806992-2006 |
| | : |
| KAREEM KELLAM, | : |
| Defendant | : |



CP-51-CR-0806992-2006 Comm. v. Kellam, Kareem
Opinion

8036380091

## OPINION

Defendant, Kareem Kellam, was convicted of committing murder of the second degree, robbery and criminal conspiracy on November 6, 2007, following a jury trial before this Court. These charges arose out of an incident during which defendant conspired with three other individuals to rob Mr. Jimmy Williams. When Williams resisted, he was shot and killed.[1] On January 9, 2008, this Court imposed the mandatory sentence of life imprisonment on the murder conviction and consecutive sentences of ten to twenty years' incarceration on the conspiracy and robbery charges.[2]

Following the imposition of sentence, defendant did not file a post-sentence motion or a notice of appeal. On June 18, 2008, defendant filed a timely petition pursuant to the Post-Conviction relief Act (hereinafter PCRA), 42 Pa.C.S. § 9541 *et seq.* This Court granted him relief on September 26, 2008, in the form of an order permitting him to file post-sentence motions and if they were denied, a notice of appeal *nunc pro tunc* from the judgment of sentence. Defendant filed said notice after his post-sentence

---

[1] For a more complete recitation of the facts please the opinion filed by this Court on July 24, 2009.

[2] The sentence imposed on the robbery charge was later vacated on direct appeal because that charged merged for sentencing purposes with the sentence imposed on the murder charge.

1

motions were denied, and on April 11, 2011, the Superior Court affirmed the judgment of sentence. (509 EDA 2009). Defendant thereafter filed a petition for allowance of appeal in the Pennsylvania Supreme Court. The Supreme Court denied it on August 31, 2011. (248 EAL 2011).

On April 6, 2012, defendant filed a *pro se* PCRA petition. On March 5, 2013, Dennis Turner, Esquire, was appointed to represent him. Mr. Turner filed an amended petition on September 23, 2013. This Court, after carefully reviewing the record and defendant's and counsel's various filings sent defendant a Pa.R.Crim.P. 907 notice of dismissal on March 24, 2014. On May 7, 2013, this Court issued an order denying defendant post-conviction collateral relief.

Following the dismissal of his PCRA petition, Mr. Turner failed to timely file a notice of appeal. On June 9, 2014, he filed a petition requesting that defendant be permitted to file a notice of appeal *nunc pro tunc*. This Court was unaware of the filing for some time. On October 1, 2014, after the Court learned of Mr. Turner's Petition, this Court ordered that Mr. Turner be relieved as counsel and that new counsel be appointed to represent defendant for the purpose of filing a notice of appeal and then litigating that appeal. The docket indicates that Earl Kaufman, Esquire, was appointed to represent defendant. Mr. Kaufman, however, took no action in the matter and there is some doubt that he was made aware of the appointment. Upon being advised of the inaction in the matter, this Court on October 17, 2017, removed Mr. Kaufman as counsel and appointed Stephen O'Hanlon, Esquire, to represent defendant. Mr. O'Hanlon thereafter filed a notice of appeal *nunc pro tunc* and a Pa.R.Crim.P. 907 notice.[3]

---

[3] This Court recognizes that there are myriad procedural irregularities in this matter. For example, upon reviewing the docket in preparation for the hearing held on October 17, 2017, this Court saw several

## DISCUSSION

In his 1925(b) statement defendant argues that trial counsel was ineffective for not objecting to and requesting a mistrial after Jamal Lewis refused to testify after taking the witness stand because the prosecutor stated during his opening statement to the jury that Jamal Lewis would testify to certain events including that defendant confessed to him that he participated in the robbery and murder of Mr. Williams. Defendant contends that his right of confrontation was violated because of prosecutorial misconduct, which he claims violated his right to cross-examine Jamal Lewis about the incriminating remark the prosecutor attributed to him. (N.T. 10/25/07, 33-34; 10/31/07, 10-11). On November 1, 2008, an effort was made outside the presence of the jury to convince Lewis to testify, but he again refused to do so. (N.T. 11/1/08, 94-95). Relief was properly denied on this claim and it is suggested that it be deemed lacking in merit on appeal.

In reviewing the propriety of the PCRA court's dismissal of a petition without a hearing, the reviewing court is limited to determining whether the court's findings are supported by the record and whether the order in question is free of legal error. Commonwealth v. Holmes, 905 A.2d 707, 509 (Pa. Super. Ct. 2006) citing Commonwealth v. Halley, 870 A.2d 795, 799 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Commonwealth v. Carr, 768 A.2d 1164, 1166 (Pa. Super. 2001). A PCRA court may decline to hold a hearing on the petition if the petitioner's claim is patently frivolous and

incorrect docket entries. For example, the entry for January 14, 2016, wrongly states that defendant's right to file a petition for allowance of Appeal in the Pennsylvania Supreme Court is granted. The entry should have stated that defendant's right to appeal from the denial of his PCRA petition was reinstated. In any event, following that date, Mr. Kaufman took no action in the matter. Due to this fact and an apparent breakdown in court procedure, this Court reinstated defendant's right to appeal from the denial of his PCRA petition. At the hearing held on October 17, 207, the Commonwealth, recognizing the abandonment by counsel and the breakdown in court procedure, did not object to the reinstatement of defendant's right to appeal.

3

is without a trace of support either in the record or from other evidence. Commonwealth v. Jordan, 772 A.2d 1011, 1014 (Pa. Super. 2001). The reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing. Id. See also Commonwealth v. Hardcastle, 701 A.2d 541, 542 (Pa. 1997).

Pennsylvania law presumes counsel is effective and therefore, the burden is placed upon the defendant to prove otherwise. Commonwealth v. Brown, 767 A.2d 576, 581 (Pa. Super. 2001), citing Commonwealth v. Carpenter, 725 A.2d 154, 161 (Pa. 1999), citing Commonwealth v. Marshall, 633 A.2d 1100 (Pa. 1993); see also Commonwealth v. Baker, 614 A.2d 663, 673 (Pa. 1992). Trial counsel has broad discretion in matters of trial strategy and the determination of what tactics to employ during litigation. Commonwealth v. Choi Chun Lam, 684 A.2d 153, 160 (Pa. Super. 1996). Furthermore, "[i]t is well established that failed trial tactics of defense counsel are not grounds for a new trial." Commonwealth v. Hall, 565 A.2d 144, 148 (Pa. 1989). Trial counsel will not be held ineffective if there was a reasonable strategic basis for his or her trial tactics. Commonwealth v. Pursell, 724 A.2d 293, 311 (Pa. 1999).

In order to establish that trial counsel's representation was deficient, defendant must establish all of the following three elements, as set forth in Commonwealth v. Pierce, 527, A.2d 973, 975-76 (Pa. 1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness. Commonwealth v.

4

Chmiel, 30 A.3d 1111, 1127 (Pa. 2011), citing Commonwealth v. Dennis, 950 A.2d 945, 954 (Pa. 2008).

The threshold question in reviewing an ineffectiveness claim is whether the issue, argument, or tactic which trial counsel failed to use at trial and which is the basis of the ineffectiveness claim is of arguable merit. Commonwealth v. Balodis, 747 A.2d 341, 343 (Pa. 2000). If defendant can prove that the argument or tactic which trial counsel failed to use at trial is of arguable merit, then the "reasonable basis" test is applied to determine if the course of action chosen by trial counsel was designed to effectuate his or her client's interest. Id. With regard to the second element, defendant must prove that "an alternative [action or inaction] not chosen offered a potential for success substantially greater than the course actually pursued." Chmiel, supra, citing Commonwealth v. Williams, 899 A.2d 1060, 1064 (Pa. 2006) (alteration added). To establish prejudice, defendant must demonstrate that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. Chmiel, supra, at 1127-28, citing Dennis, supra, at 954.

Further, "[i]f it is clear that if a defendant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met." Commonwealth v. Rios, 920 A.2d 790, 799 (Pa. 2007), citing Commonwealth v. Albrecht, 720 A.2d 693, 701 (Pa. 1998). A PCRA proceeding requires a defendant to establish that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken

5

place." Rios, supra, citing Pierce, supra, at 221–22; Commonwealth v. Kimball, 724 A.2d 326, 333 (Pa. 1999).

This Court determined that defendant was not entitled to relief on this claim because the prosecutor made the complained of opening comments in good faith with the expectation that Lewis would testify. To the prosecutor's chagrin he refused. The prosecutor cannot be said to have acted in bad faith. For these reasons, this Court concluded that defendant failed to establish that the claim possessed arguable merit.

The law regarding opening statements provides:

> The opening statement of the prosecution should be limited to a statement of the facts which he intends to prove, and the legitimate inferences deduced therefrom. Commonwealth v. Martin, 461 Pa. 289, 336 A.2d 290 (1975). However, even if remarks made during an opening statement in a criminal proceeding are improper, relief will only be granted where the unavoidable effect is to prejudice the finders of fact as to render them incapable of objective judgment. Commonwealth v. Farquharson, 467 Pa. 50, 354 A.2d 545 (1976).

Commonwealth v. Duffey, 348 A.2d 1178, 1184 (Pa. 1988). In addition, "it is legitimate during opening statements for a prosecutor . . . to verbally describe, in detail, the evidence he intends to prove," Commonwealth v. Parker, 919 A.2d 943, 951 (Pa. 2007), as long as the material referenced falls within the scope of what the prosecutor believes, in good faith, will be available and admissible at trial." Parker, 919 A.2d at 950 n.8.

Finally, a prosecutor is not required to conclusively prove all statements made during the opening argument. Commonwealth v. Brown, 711 A.2d 444, 456 (Pa. 1998); Commonwealth v. Jones, 610 A.2d 931, 938 (Pa. 2002). If a prosecutor has a good faith and reasonable basis to believe that a certain fact will be established, he or she may properly refer to it during the opening argument. Id. Even if an opening argument is

6

somehow improper, relief will be granted only where the unavoidable effect is to so prejudice the finders of fact as to render them incapable of objective judgment. Id. When a comment made by the prosecutor is alleged to have been improper, the comment must be considered in the context within which it was offered and not in isolation. Commonwealth v. Robinson, 864 A.2d 460, 517 (Pa. 2004).

In this case, the prosecutor reasonably believed in good faith that Lewis would testify, having spoken to him prior to trial, and that he would implicate defendant in the crime. That good faith belief formed the basis for the prosecutor's comments to the jury in his opening argument. At the time the prosecutor made the complained of comments, he had every expectation that Lewis would testify in accordance with what he had previously related about defendant and his co-defendants. He had no forewarning that Lewis would go "south" and refuse to testify. Because his argument was founded on a reasonable belief that he would be able to establish that defendant told Lewis that he participated in the crime, the prosecutor's comments were not improper under the circumstances. See Commonwealth v. Sam, 635 A.2d 603, 610 (Pa. 1993) (no misconduct where prosecutor told jury, in opening argument, that appellant's wife would be a witness; after appellant's wife recanted her original inculpatory statement, prosecutor declined to call her); Commonwealth v. Sattazahn, 631 A.2d 597, 607 (Pa. Super. 1993) (motion for mistrial properly denied where prosecutor's opening statement referred to a witness who heard appellant implicate himself in the robbery-murder; at the time the statement was made, the prosecutor anticipated calling that witness, but the witness received death threats and refused to testify at trial). Thus, for these reasons, this Court determined that there was no merit to defendant's claim and dismissed it.

In any event, even had the claim possessed arguable merit, no relief was due defendant because he failed to establish prejudice. First, this Court instructed the jury that the arguments of counsel were not considered as evidence. (N.T. 10/25/2007, 13, 18-19). Then, after Lewis refused to testify, this Court stated to the jury that after Lewis was put under oath, he had not actually said anything of substance relating to this case (N.T. 11/01/2007, 94-95). Therefore, any prejudicial effect the prosecutor's opening comments may have had were effectively ameliorated given that the law presumes that a jury follows any instructions given it by the Court. ). See Commonwealth v. Brown, 987 A.2d 699, 712 (Pa. 2009) (explaining that a "pillar upon which our system of trial by jury is based is that juries are presumed to follow the instructions of the court") (citation omitted).

Second, defendant did not suffer prejudice because the comment did not warrant a mistrial. A mistrial is an "extreme remedy...[that]...must be granted only when an incident is of such a nature that its unavoidable effect is to deprive defendant of a fair trial." Commonwealth v. Vazquez, 617 A.2d 786, 787-88 (Pa. Super. 1992) (citing Commonwealth v. Chestnut, 511 Pa 169, 512 A.2d 603 (Pa. 1986), and Commonwealth v. Brinkley, 480 A.2d 980 (Pa. 1994)). Given that the prosecutor had not acted in bad faith when he made the complained of comment and the Court gave the jury the instructions referred to above, defendant would not have been entitled to a mistrial and this Court would not have granted one had trial counsel moved for a mistrial.

Finally, defendant was not prejudiced because the evidence of his guilt was overwhelming. Had the prosecutor not made the complained of comment, the outcome clearly would not have been different.

8

Accordingly, for all of the foregoing reasons, it is suggested that defendant's claim be rejected and that the order denying defendant PCRA relief be affirmed.

## CONCLUSION

Based on the foregoing, the order denying defendant PCRA relief should be affirmed.

By the Court,

DATE: 11/29/17

_____
Honorable Jeffrey P. Minehart

9